IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID ALLEN GIBSON,

                                      **Plaintiff,**

v.                                                                                                 CASE NO. 24-3100-JWL

(FNU) THAXTON, et al.,

                                      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

      Plaintiff David Allen Gibson, a state pretrial detainee who is housed at the Wyandotte County Detention Center (WCDC), in Kansas City, Kansas, filed this civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiff proceeds pro se and his fee status is pending. The undersigned has reviewed the complaint and has identified deficiencies, as set forth below, which leave the complaint subject to dismissal in its entirety. Thus, the undersigned will direct Plaintiff to show cause, in writing, to the Honorable John W. Lungstrum, why this action should not be dismissed without prejudice for the reasons stated below.

    **I.**    **Nature of the Matter before the Court**

      Plaintiff names as Defendants in this matter Wyandotte County Sheriff Soptic; Jerome Gorman, an attorney appointed to represent Plaintiff in state criminal proceedings currently pending against him; Judge Roberts of the District Court of Wyandotte County, Kansas, who is presiding over those cases and a related state habeas case; WCDC Administrator (fnu) Thaxton; 21 named WCDC deputies; and one unnamed WCDC deputy. (Doc. 1, p. 1-3, 7-8.)

      Plaintiff alleges that a spiritual entity is attached to him that calls him a child molester, which WCDC deputies have heard and to which WCDC deputies have responded. *Id.* at 8-9. In

December 2023, Plaintiff asked Judge Roberts and Defendant Gorman that his "energy . . . be recorded through audio and electromagnetic" means, which led to Judge Roberts ordering that Plaintiff be evaluated for competency. *Id.* Plaintiff alleges that the evaluation showed he was competent to stand trial, so in February 2024, Plaintiff again requested that his "energy [be] recorded" and that Defendant Gorman help him file a state-court petition for writ of habeas corpus. *Id.* Judge Roberts ordered a second competency evaluation and told Plaintiff that he was removing Defendant Gorman from representing Plaintiff in the case. *Id.* Plaintiff alleges that he neither waived his right to counsel nor was appointed new counsel in either criminal case and that no court dates are scheduled in either criminal case. *Id.* at 2, 7. He also alleges that the Defendant deputies psychologically abuse him and that the deputies' body camera footage will show that the deputies know there is an entity attached to Plaintiff. *Id.* at 3.

As one example, Plaintiff asserts that on the morning of February 14, 2024, while he was getting his hair cut, he heard a voice say "child molester"; Plaintiff believes that the voice came from an entity that is attached to him. *Id.* at 8-9. After hearing the voice, Plaintiff saw Deputy Mesler—one of the named Defendants in this case—smirk, which Plaintiff asserts means that Deputy Mesler heard the voice and knows that an entity is attached to Plaintiff. *Id.* at 8. More specifically, Plaintiff asserts that Deputy Mesler's smirk "is physical proof of [Plaintiff] having a spiritual attachment." *Id.* at 9. In addition, Plaintiff alleges that from February 2024 through the present, deputies have told each other and told other staff that Plaintiff is a "child molester," a "childhood rapist," and a baby raper," and have called him names. *Id.* at 7-9. Deputies have made these comments during cell checks, recreation time, and other parts of the day. *Id.* at 7-8.

As Count I, Plaintiff alleges the violation of his constitutional right to counsel, asserting that he had no counsel when he was ordered to undergo competency evaluations. *Id.* at 4. In the

space for setting forth the facts supporting Count I, Plaintiff also points out that Judge Roberts was assigned to preside over the state habeas case despite Plaintiff naming Judge Roberts "as a Defendant" in that matter. *Id.* As Count II, Plaintiff alleges the violation of his constitutional right as a pretrial detainee to remain free from punishment; he alleges that he was subjected to cruel and unusual punishment in the form of psychological and mental abuse from deputies and other inmates. *Id.* As supporting facts, Plaintiff directs the Court to attached documents and also argues that he has not gotten to speak with mental health staff and that he has been placed in protective custody. Because his repeated requests to be taken out of protective custody have been denied, Plaintiff believes his placement in protective custody is "revenge for the civil suit." *Id.*

As Count III, Plaintiff alleges the violation of his right to effective assistance of counsel. *Id.* at 5. He claims that his appointed counsel, Defendant Gorman, failed to object when Judge Roberts ordered the second competency evaluation. *Id.* Plaintiff also asserts that Defendant Gorman has told Plaintiff that he is not Plaintiff's counsel but that the state court records show Defendant Gorman as being assigned to represent Plaintiff. *Id.* As relief, Plaintiff asks this Court to dismiss the two state criminal cases pending against him. *Id.* at 6.

## II.   Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th

Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted.)

### III.  Discussion

The only relief Plaintiff seeks in this matter is the dismissal of the state criminal cases pending against him. (Doc. 1, p. 6.) Such relief is unavailable in this § 1983 action. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). The Court could allow Plaintiff to convert this matter into a federal habeas action under 28 U.S.C. § 2241, which in very rare circumstances is the avenue by which a pretrial detainee facing state criminal charges may seek federal habeas relief. But even if Plaintiff chose to proceed under § 2241, this matter still would be subject to

dismissal because it does not present the rare circumstances that justify federal courts like this one intervening in or directing the dismissal of ongoing state criminal cases.

The United States Supreme Court has long held that federal courts generally should not exercise their available habeas corpus power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251-52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Recently, the Tenth Circuit reaffirmed:

> In *Ex parte Royall*, the Supreme Court held federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. *See* 117 U.S. at 245, 250. But the Court further concluded a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. *Id.* at 251-52. Acknowledging exceptions to this rule, the Court pointed to "cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country to or its relations with foreign nations." *Id.* at 251. The Supreme Court has also authorized federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. *See Dolack*, 548 F.2d at 893-94 (discussing *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484 (1973)). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Id.* at

5

894 (internal quotation marks omitted).

*Smith v. Crow*, 2022 WL 12165390, *2 (10th Cir. Oct. 21, 2022) (unpublished).

In other words,

> "a prisoner in custody under the authority of a state should not, except in a case of peculiar urgency, be discharged by [a federal court] upon a writ of habeas corpus, in advance of any proceedings in the courts of the state to test the validity of his arrest and detention. To adopt a different rule would unduly interfere with the exercise of the criminal jurisdiction of the several states . . . ."

*Id.* at 3 (quoting *Whitten v. Tomlinson*, 160 U.S. 231, 247 (1985)).

The only relief Plaintiff seeks in this matter is the dismissal of state criminal cases against him. Even taking all of the facts alleged in the complaint as true and liberally construing them, they do not justify this Court departing from the general rule that federal courts do not discharge state-court pretrial detainees from state custody. Plaintiff will be granted time to show cause, in writing, to the Honorable John W. Lungstrum, why this action should not be dismissed because it seeks only relief that is not available to Plaintiff. If Plaintiff fails to timely file a written response to this order, this matter may be dismissed without further prior notice to Plaintiff.

**IV.     Motion to Appoint Counsel (Doc. 3.)**

Plaintiff also has filed a motion for appointment of counsel. (Doc. 3.) He advises the Court that he has unsuccessfully attempted to seek counsel and he asserts that "[t]he level of law and amount of physical evidence" as well as this case being at "a different level of legal circumstances" justify the appointment of counsel. *Id.*

As Plaintiff acknowledges in his motion, there is no constitutional right to appointment of counsel in a civil case. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The burden is on the applicant to convince the court

6

that there is sufficient merit to his claim to warrant appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court has considered "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. As explained above, the Court concludes in this case that Plaintiff seeks relief that is not available from this Court. Thus, the Court will deny the motion without prejudice to refiling if the material circumstances change.

**IT IS THEREFORE ORDERED** that the motion to appoint counsel (Doc. 3) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is directed to show cause, in writing, to the Honorable John W. Lungstrum, on or before July 22, 2024, why this matter should not be dismissed without prejudice for the reasons set forth above. If Plaintiff fails to timely file a written response to this order, this matter may be dismissed without prejudice without further prior notice to Plaintiff.

**IT IS SO ORDERED.**

DATED: This 21st day of June, 2024, at Kansas City, Kansas.

S/ James P. O'Hara
JAMES P. O'HARA
United States Magistrate Judge