IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID ALLEN GIBSON,

      Plaintiff,

      v.                                    CASE NO.  24-3100-JWL

(FNU) THAXTON, et al.,

      Defendants.

## MEMORANDUM AND ORDER

Plaintiff David Allen Gibson, a state pretrial detainee currently housed at the Wyandotte County Detention Center (WCDC) in Kansas City, Kansas, filed this pro se civil rights action under 42 U.S.C. § 1983. His fee status is pending. (*See* Docs. 2 and 4.)

### I.     Nature of the Matter before the Court

Plaintiff names as Defendants in this matter Wyandotte County Sheriff Soptic; Jerome Gorman, an attorney appointed to represent Plaintiff in state criminal proceedings currently pending against him; Judge Roberts of the District Court of Wyandotte County, Kansas; WCDC Administrator (fnu) Thaxton; 21 named WCDC deputies; and one unnamed WCDC deputy. (Doc. 1, p. 1-3, 7-8.) Plaintiff alleges that a spiritual entity is attached, that the entity calls him a child molester, which WCDC deputies have heard and to which WCDC deputies have responded. *Id.* at 8-9. Plaintiff also asserts that WCDC staff call him a child molester or related terms. *Id.* Plaintiff contends that the Defendant deputies psychologically and mentally abuse him and that their body camera footage will show that they know there is an entity attached to Plaintiff. *Id.* at 3.

Plaintiff's factual allegations regarding the Defendants related to WCDC are discussed in greater detail later in this order. With respect to Plaintiff's factual allegations related to the state-

court criminal proceedings against him, he alleges that his constitutional rights have been and are being violated because he has been denied the effective assistance of counsel, the same judge is presiding over the criminal case and a related state habeas case, he is being held without a future court date, and his complaints in state court have been ignored. *Id.* at 2, 7. Plaintiff also explains that the state district court has twice ordered him to undergo a competency evaluation. *Id.* at 9.

As Count I, Plaintiff alleges the violation of his constitutional right to counsel in the state criminal case, asserting that he had no counsel when he was ordered to undergo competency evaluations; he also points out that Judge Roberts was assigned to preside over the state habeas case despite Plaintiff naming Judge Roberts "as a Defendant" in that matter. *Id.* at 4. As Count II, Plaintiff alleges the violation of his constitutional right as a pretrial detainee to remain free from punishment; he alleges that he was subjected to cruel and unusual punishment in the form of psychological and mental abuse from deputies and other inmates. *Id.* He also generally asserts "deliberate indifference," directs the Court to attached documents, asserts that he has not gotten to speak with mental health staff, and claims he has been placed in protective custody as "revenge for the civil suit."

As Count III, Plaintiff alleges the violation of his constitutional right to effective assistance of counsel in the state criminal case. *Id.* at 5. He claims that his appointed counsel, Defendant Gorman, failed to object when Judge Roberts ordered the second competency evaluation.[1] *Id.* Plaintiff also asserts that Defendant Gorman has told Plaintiff that he is not Plaintiff's counsel but that the state court records show Defendant Gorman as being assigned to represent Plaintiff. *Id.* As relief, Plaintiff asks this Court to dismiss the two state criminal cases pending against him. *Id.* at 6.

---

[1] The Court notes that this factual assertion contradicts Plaintiff's assertion in Count I that he had no counsel at the time the evaluations were ordered.

On June 21, 2024, the Court issued a memorandum and order to show cause (MOSC) explaining that this matter is subject to dismissal because the complaint seeks only the dismissal of the pending state criminal charges against Plaintiff, which is relief that is not available in a § 1983 action. (Doc. 5, p. 4.) The MOSC further explained that even if the Court liberally construed the complaint as a petition for writ of habeas corpus, which is the proper way to seek release from state pretrial detention, this case would be subject to dismissal under *Ex parte Royall*, 117 U.S. 241 (1996). (Doc. 5, p. 5-6.) Thus, Plaintiff was ordered to show cause why this action should not be dismissed. *Id.* at 6.

Plaintiff timely filed a response to the MOSC, in which he restates his asserted grounds for relief and states that he "still seek[s] relief of dismissal of charges" in two pending state-court criminal cases. (Doc. 6, p. 1.) He also advises the Court that with respect to Count II in the complaint, which alleges the violation of his Fourteenth Amendment right to be free from punishment, he "would be satisfied" if Defendants "acknowledge the incidents" and "correct the behavior" and if each Defendant who is a deputy provides him with a handwritten apology.[2] *Id.* at 2. To the extent that Plaintiff continues to seek dismissal of the charges against him, such claims remain subject to dismissal for the reasons set forth in the MOSC. (*See* Doc. 5, p. 4-6.)

Liberally construing the response, Plaintiff also appears to be attempting to amend his complaint by requesting additional relief that was not set forth in the complaint. But in order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. Thus, the Court will allow Plaintiff time in which to submit an amended complaint which states a plausible claim for relief under § 1983. That being said, the nature of relief sought is not the only deficiency in the complaint Plaintiff filed to begin this case. Thus, the

---

[2] Plaintiff also asks this Court to "look into" the related state-court habeas proceeding. *Id.* at 2. This Court does not perform the type of broad investigation into state-court proceedings that Plaintiff appears to request.

Court will identify additional deficiencies in this order so that Plaintiff may cure them in any amended complaint he chooses to file.

## II.   Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes a pro se complaint such as this one and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555 (citations omitted.)

## III.   Discussion

### a.   Nature of the Case

As explained in the MOSC, this matter was filed under 42 U.S.C. § 1983, but the only relief sought is the dismissal of the state criminal charges currently pending against Plaintiff. A petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Counts I and III of the complaint also appear to assert grounds for habeas relief; they allege the violation of Plaintiff's constitutional rights during the state-court criminal proceedings. (Doc. 1, p. 4-5); *see* 28 U.S.C. § 2241(c)(3) (To obtain federal habeas corpus relief, a state prisoner must demonstrate that he or she "is in custody in violation of the Constitution or laws or treaties of the United States.").

When faced with a pro se pleading that appears to raise claims more appropriately sought under another federal statute, this Court generally will liberally construe the pleading as one brought under the statute that potentially could lead to relief. As the MOSC explained, however, even if this matter is liberally construed as a petition for federal habeas corpus relief, it is subject to dismissal under *Ex parte Royall*, which holds that federal courts generally should not exercise their habeas corpus power to discharge someone detained by a state for trial on a state crime. (Doc. 5, p. 4-6.) Moreover, if the Court liberally construed the current pleading as a federal habeas petition, Count II would be subject to dismissal because it asserts a claim that must be brought under § 1983—it alleges that Plaintiff's Fourteenth Amendment right to be free from punishment as a pretrial detainee was violated. (Doc. 1, p. 4.) A civil rights action under 42 U.S.C. § 1983 is the proper avenue by which a prisoner may challenge unconstitutional conditions of confinement.

In summary, liberally construing the complaint in this matter as a petition for writ of habeas corpus would mean that all of the claims would be subject to dismissal: Counts I and III under *Ex parte Royall* and Count III because claims of unconstitutional conditions of confinement must be brought under § 1983. Therefore, the Court will not construe the complaint as a petition for federal habeas corpus relief and will instead treat it as it was filed and consider it under the standards applicable to § 1983 matters. As such, Counts I and III are subject to dismissal for failure to state a plausible claim for relief under § 1983.

### b. Judge Roberts

Plaintiff's claims against Judge Roberts are subject to dismissal because as a state district judge, Judge Roberts is absolutely immune from § 1983 liability unless he acted "in the clear absence of all jurisdiction." *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority . . . ."); *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994). Only actions taken outside a judge's judicial capacity will deprive the judge of judicial immunity. *Stump*, 435 U.S. at 356-57. Plaintiff alleges no facts in the complaint to suggest that Judge Roberts acted outside of his judicial capacity. Thus, on the current complaint, Plaintiff's claims against Judge Roberts are subject to dismissal.

### c. Jerome Gorman

Plaintiff's claims against his state-court-appointed counsel, Jerome Gorman, are subject to dismissal for lack of jurisdiction. To state a claim under § 1983, a plaintiff "must show that the alleged (constitutional) deprivation was committed by a person acting under color of state law," which is a "jurisdictional requisite." *See West*, 487 U.S. at 42, 48-49. The United States Supreme

Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). All of the allegations in the complaint involving Defendant Gorman relate to his actions in his role as defense counsel. Accordingly, Plaintiff's claims against Defendant Gorman are subject to dismissal.

### d. Vicarious Liability

This action is subject to dismissal as against Defendants Thaxton and Soptic because the complaint does not sufficiently allege their personal participation. Instead, even liberally construing the complaint, Plaintiff appears to assert that Defendants Thaxton and Soptic are liable because as Sheriff and Administrator, they supervise others who have violated Plaintiff's constitutional rights. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). "[V]icarious liability is inapplicable to . . . § 1983 suits, [so] a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's]

§ 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id.* at 1204 (citation omitted).

The only allegation in the complaint that includes Defendant Soptic by name is that he is "legally binded [*sic*] by law [and] responsible for all deputies['] actions." (Doc. 1, p. 2.) Similarly, the only allegation in the complaint that includes Defendant Thaxton by name is that he "[i]gnored his responsibility as Administrator of W.C.D.C. to act under the color of state law." *Id.* at 1. Even liberally construed, the complaint does not allege the level of required personal participation to state a plausible § 1983 claim against either Defendant Thaxton or Defendant Soptic.

### e. Insufficient Factual Allegations

As explained above, Count II asserts that Defendants violated Plaintiff's Fourteenth Amendment rights as a pretrial detainee to be free from being punished. (Doc. 1, p. 4.) Plaintiff also generally alleges in Count II that Defendants were deliberately indifferent, although he does not specifically identify the situation to which they were deliberately indifferent. *Id.* In any event, Plaintiff's claims against the unnamed E-Pod Deputies and Defendants Johnson, Woods, Coster, Jennings, Ragsdale, Goins, Lamothe, Kresyman, and Neeley are subject to dismissal because Plaintiff has failed to sufficiently allege the actions each Defendant took that violated his constitutional rights.

"To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, 338 Fed. Appx. 757, 759 (10th Cir. 2009) (unpublished) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008)). "[I]t is incumbent upon a plaintiff to 'identify *specific* actions taken by *particular* defendants' in order to make out a viable § 1983 . . . claim." *Pahls v. Thomas*, 718 F.3d 1210, 1226 (10th Cir. 2013). Conclusory allegations of involvement are not sufficient. *See Iqbal*, 556 U.S. at 676.

In the complaint, Plaintiff alleges that "Deput[ies] from E-Pod [b]etween Nov. 25, 2023 [and] Feb. 14, 2024," along with unnamed inmates, psychologically and mentally abused him. (Doc. 1, p. 8.) He further asserts that Defendants "Black, Jones, Nellee, Macias, Porath[3], Bartels, Johnson, Mitchell, and Huit" did the same during med pass and recreation periods. Plaintiff does not further explain what actions by these Defendants he believes amounted to "psychological and mental abuse." *Id.* Rather, he asks the Court to view body camera footage—apparently from all of these Defendants over a period of more than 2 months—which he asserts will show the abuse.[4] *Id.*

For other Defendants, Plaintiff has provided a list of the dates and times at which he alleges they abused him. (Doc. 1, p. 8.) For many of these instances, Plaintiff provides no further information.[5] *See id.* ("Johnson on 5-5-24 at 12 a.m. med [p]ass also on 5-4-24 at 7:41 a.m." and "Johnson on 2-17-24 at 1:48 F-pod"). Again, Plaintiff asks this Court to review the body camera footage from these dates and times.[6] (Doc. 1, p. 2-3, 7-8.)

The complaint does not contain sufficiently specific descriptions of the actions on which Plaintiff bases his claims that these Defendants "psychologically and mentally abused" him. Plaintiff's use of this general term to encompass the Defendants' behavior makes no distinction as to what acts are attributable to which of these Defendants, making it "impossible for any of these individuals" as well as the Court "to ascertain what particular unconstitutional acts" each is alleged to have committed. *See Robbins*, 519 F.3d at 1250. In short, Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant" he includes in this list. *See Twombly*, 550 U.S.

---

[3] Plaintiff's handwriting at times makes the Defendants' names difficult to make out. It is unclear whether this Defendant's last name is Porath or Brath.
[4] Plaintiff does not allege the acts of "abuse" the footage will reveal. The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *See Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (1997). At this point in these proceedings, without any specific allegations regarding the constitutional violations the footage would show, the Court declines to obtain and review the footage.
[5] The deputies about whom Plaintiff makes more specific allegations are addressed below.
[6] The Court declines to obtain and review the footage at this time for the reasons already stated above.

at 565, n.10. His conclusory allegations of "psychological abuse" are insufficient to state a plausible claim for relief. Thus, Plaintiff has failed to allege sufficient facts to state a claim against these Defendants on which relief can be granted.

### f.   Failure to State a Plausible Claim

Plaintiff does, however, allege more specific facts to support his claims against Defendants Kemschmidt, Towne, Mesler, and Jolly. Specifically, he alleges that on February 14, 2024 at approximately 11:15 p.m., he heard the phrase "child molester" and saw Defendant Mesler smirk. Plaintiff believes that the voice he heard belongs to the spiritual entity attached to him and that Defendant Mesler smirking is proof that the entity exists and that WCDC staff are aware of its existence. (Doc. 1, p. 8.) On March 17, 2024 at 8:19 p.m., during a routine cell check, Defendant Jolly was outside Plaintiff's door and said to another deputy, "'He's a [b]aby [r]aper.'" *Id.* Plaintiff alleges that during the med pass on May 26, 2024 at 8:06 p.m., Defendant Kemschmidt was outside Plaintiff's cell door and told a nurse, "[H]e's a child molester." *Id.* at 7. Plaintiff alleges that on May 28, 2024 at 3:15 p.m., Defendant Towne told a trainee deputy, "'He's a childhood [r]apist.'" *Id.* As a reminder, Plaintiff's claim in Count II is that Defendants subjected him to unconstitutional punishment and were deliberately indifferent.

Pretrial detainees have a Fourteenth Amendment right not to "be punished prior to an adjudication of guilt in accordance with due process of law." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Even liberally construing the complaint and taking all factual allegations therein as true, the actions or inactions Plaintiff believes are unconstitutional punishment remain unclear. To the extent that Plaintiff intends to assert that the comments by Defendants Kemschmidt, Towne, or Jolly were punishment, the Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected

death.'" *See Alvarez v. Gonzales*, 155 F. Appx. 393, 396 (10th Cir. 2005) (unpublished) (quoting *Northington*, 973 F.2d at 1524). Petitioner has not alleged that any of the comments by Defendants Kemschmidt, Towne, or Jolly have caused him terror of instant and unexpected death. Similarly, it remains unclear how Defendant Mesler's smirk violated Plaintiff's constitutional rights. Because the factual basis for Plaintiff's claims of unconstitutional punishment remains unclear, he has failed to state a plausible claim for relief against Defendants Kemschmidt, Towne, Melser, or Jolly.

Deliberate indifference to the violation of a pretrial detainee's constitutional rights can also be a constitutional violation in certain circumstances. For example, pretrial detainees have a Fourteenth Amendment due process right to adequate clothing, shelter, and safety. *Bell*, 441 U.S. at 535 n. 16. Thus, a pretrial detainee who shows that a state actor was deliberately indifferent to a substantial threat to his or her safety may have a claim to relief under § 1983. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (setting out standards for deliberate indifference to substantial risk of harm). Similarly, "[t]he Fourteenth Amendment's Due Process Clause entitles pretrial detainees to the same standard of medical care that the Eighth Amendment requires for convicted inmates." *See Estate of Beauford v. Mesa County, Colo.*, 35 F.4th 1248, 1262 (10th Cir. 2022) (citations omitted). Thus, a pretrial detainee who shows that a state actor was deliberately indifferent to his or her serious medical need may have a claim to relief under § 1983. *See Paugh v. Uintah County*, 47 F.4th 1139, 1154 (10th Cir. 2022), *cert. denied* 143 S. Ct. 2658 (June 26, 2023) (setting out standards for deliberate indifference to a serious medical need).

Even liberally construing the complaint in this matter and taking all factual allegations therein as true, however, the constitutional violation to which Plaintiff believes Defendants were deliberately indifferent is unclear. Thus, the Court cannot determine whether Plaintiff has stated a plausible claim for relief based on deliberate indifference. In short, Plaintiff fails to clearly "isolate

the allegedly unconstitutional acts of each defendant." *See Twombly*, 550 U.S. at 565, n. 10. As such, his claim for "deliberate indifference" is subject to dismissal for failure to state a plausible claim on which relief can be granted.

## IV.   Amended Complaint Required

For the reasons stated herein, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein. In order to add claims or significant fact allegations, Plaintiff must submit a complete amended complaint. See Fed. R. Civ. P. 15. An amended complaint does not simply supplement the original complaint; it completely replaces it. Therefore, any claims or allegations not included in the amended complaint are no longer before the Court. To be clear, Plaintiff may not in the amended complaint simply refer the initial complaint or the attachments to the initial complaint. The amended complaint must contain all allegations and claims that Plaintiff intends to pursue in this action, including any allegations or claims from the initial complaint that Plaintiff wishes the Court to consider. If Plaintiff feels that attachments are necessary to assert a plausible claim, he must submit those attachments with his amended complaint, even if they were submitted with the initial complaint.

Plaintiff must write the number of this case (24-3100) at the top of the first page of his amended complaint. He must name each defendant in the caption of the complaint and again refer to each defendant in the body of the complaint. In each count of the amended complaint, he must adequately identify the federal constitutional provision or law he believes was violated and he must allege sufficient facts to show that each defendant personally participated in at least one of the federal constitutional violations alleged in the complaint, including dates, locations, and circumstances. Plaintiff may attach additional pages to the form complaint if necessary, but he

should not utilize the form complaint only to refer the Court generally to an attached memorandum or exhibits. If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which may be dismissed for the reasons stated herein without further prior notice to Plaintiff.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted to and including **August 13, 2024** in which to file a complete and proper amended complaint upon the required court-approved form that cures the deficiencies identified in this order. If Plaintiff fails to do so, this action may be dismissed without prejudice for failure to state a claim upon which relief may be granted without further prior notice to Plaintiff. The Clerk is directed to send the appropriate form and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated July 8, 2024, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**